## Case No. 14,422.
### UNITED STATES v. ADDATTE.
[6 Blatchf. 76.] [1]
Circuit Court, E. D. New York.    March 14. 1868.

WITNESS—COMPETENCY—WIFE OF CODEFENDANT.

Where one of two defendants. in a joint indictment against the two, is tried separately, the wife of the defendant who is not on trial, is a competent witness for the defendant who is so tried separately.

This was an indictment against the prisoner [John B. Addatte], jointly with another person, for counterfeiting the currency. The other defendant not. being in custody, the case went to trial against the prisoner, separately. On the trial, the wife of the other defendant was offered as a witness for the prisoner. and, on objection, was excluded. The prisoner having been, convicted, a motion was now made for a new trial, on the ground of error in such ruling.

COUNTERFEITING—POSSESSION OF COUNTERFEIT PLATES.

The 12th section of the act of June 30th, 1864 (13 Stat. 222), does not cover a case of the possession of false or counterfeit plates, in the similitude of genuine plates of the currency of the United States, but applies only to genuine transferred plates made after the similitude of other plates.

This was a motion in arrest of judgment. The prisoner [John B. Addatte] was indicted under various statutes relating to counterfeiting the currency of the United States. The evidence given on the trial was such as to make a conviction impossible under any statute, except the 12th section of the act of June 30th, 1864 (13 Stat. 222). The case was given to the jury. on a count in the indictment founded on that section, and the prisoner was convicted. That count charged him with having had in his custody, without the written authority of the secretary of the treasury, or of the comptroller of the currency, a certain counterfeit plate or block, made after the similitude of a plate or block from which fractional notes had been printed, contrary to the provisions of the said 12th section.

[See Case No. 14.422.]

BENEDICT. District Judge. The motion in arrest of judgment is made on the ground

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

that the 12th section of the act of 1864 is only applicable to the case of an unauthorized possession of genuine plates, and does not provide for the offence here presented. This point is, I am inclined to think, well taken. It is quite manifest, from the wording of the section, that the qualifying clause, "without the written authority or warrant of the secretary of the treasury," is intended to apply to all the plates, blocks, and electrotypes subsequently mentioned in the section. This qualification of the possession which is, by the act, made an offence, indicates an intention to restrict the effect of the act to the case of an unauthorized possession of such plates as may be within the authority of the secretary of the treasury, or the comptroller of the currency. Therefore, it does not cover a case of the possession of false or counterfeit plates, which cannot, under any law, be authorized by the secretary of the treasury, and which his warrant cannot protect. I was, at first, disposed to think that the possession of a plate in the similitude of a plate from which obligations of the government, authorized by law, have been, or may be, printed, could only refer to counterfeit plates; but a more careful examination of the act has satisfied me that this provision is intended to apply to the transferred plates which are used by the department in making fractional currency, and which are, of course, genuine, although made after the similitude of other plates from which the currency may be printed. The construction thus given to the 12th section of the said act is confirmed, by referring to the 11th section of the same act, and to the 7th section of the act of February 25th, 1862 (12 Stat. 347), both of which provide for a case of the possession of a counterfeit plate, and make the intent to use, or suffer the same to be used, a part of the offence. In the section under consideration, an intent to use the plate is not made a part of the offence, and for the reason that, as the section is applicable only to the genuine plates, which are intended to be kept within the control of the government, the unauthorized possession is to be considered as itself an unlawful act, without regard to any intention to use the plates. The judgment must, accordingly, be arrested, and the prisoner be discharged.